## MARY C. LLOYD v. SARAH E. MITCHELL.

### APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF INDIANA COUNTY.

Argued October 23, 1889—Decided November 4, 1889.

Where a testatrix devised a lot of ground to her granddaughter, "her heirs and assigns forever," and after bequeathing to her and others certain legacies, divided the residuum of the estate into three parts, one of which was given to said granddaughter, her share to be held by a trustee until she should attain the age of thirty years, the absolute devise of the lot was not affected by the trust declared in the clause relating to the residuum.

Before STERRETT, GREEN, McCOLLUM and MITCHELL, JJ.
No. 243 October Term 1889, Sup. Ct.; court below, No. 243 September Term 1889, C. P.

On August 6, 1889, a case stated was submitted between Mary C. Lloyd, as plaintiff, and Sarah E. Mitchell, as defendant, setting out a contract made by said Mary C. Lloyd to said Sarah C. Mitchell for the sale and conveyance of a certain in-lot No. 6, on Philadelphia street, in Indiana borough, for the sum of $5,000, part of said purchase money having been paid. If the court should be of opinion that under the will of Mrs. C. C. Banks, deceased, the plaintiff was invested with a fee-simple title to said lot, with power to convey the same after

arriving at the age of twenty-one years, judgment was to be entered for the plaintiff for $1,000; otherwise, etc.

The will of Mrs. Charlotte C. Banks, made a part of the case stated, provided: "I. I do devise unto my granddaughter Mary C. Lloyd, daughter of my deceased daughter Mary P. Lloyd, my in-lot No. 6 on Philadelphia street in said borough, with the buildings and appurtenances, on which said lot I now reside, to have and to hold to her my said granddaughter, her heirs and assigns forever."

Immediately thereafter followed several specific bequests to Mary C. Lloyd, and if she should live until she attained the age of thirty years, a legacy of $15,000. Various other bequests and legacies were given in the will to other beneficiaries, and there was then a provision, VII., dividing the residuum of the testatrix's estate, "real and personal or mixed, after satisfaction and discharge of the foregoing several devises, legacies and bequests, and of any just debts and expenses of settlement of my estate," into three parts, one of which was disposed of as follows:

"3. The remaining one third part of the said residuum of my estate, real, personal and mixed, I devise and bequeath to my two granddaughters Charlotte D. Lloyd and Mary C. Lloyd, daughters of my deceased daughter, Mary P. Lloyd, their heirs and assigns, share and share alike, to be paid them and to come into their possession and enjoyment when they severally attain the age of thirty years; and should either of them die, without lawful issue living at the time of their death, before they attain the age of thirty years, the share of her so dying shall descend to and be enjoyed by the survivor, her heirs and assigns; and should both of my said two grandchildren die before they attain the age of thirty years, without issue as aforesaid, their shares hereinbefore devised and bequeathed to them shall be equally divided between my surviving grandchildren then living, share and share alike; and I do hereby order and direct that the said shares of said Charlotte D. and Mary C. Lloyd, as herein declared, shall be paid over to, received and held by a trustee who shall be appointed under the laws of this commonwealth of Pennsylvania by such court as may have jurisdiction in the premises, which trustee shall not be a relation by blood of said Charlotte D. and Mary

C. Lloyd, and shall hold the same in trust for the persons and purposes hereinbefore declared, until the said Charlotte D. Lloyd and Mary C. Lloyd shall severally and respectively arrive at the age of thirty years; and he shall during the time aforesaid receive the interest and other revenues, rents, etc., arising from said shares, and after payment of taxes and other lawful charges thereon, pay over the same annually to said Charlotte and Mary Lloyd and, at their arrival at the age of thirty years respectively, deliver up and pay over the said shares and principal to them."

The case stated showed further, that in 1884, Mr. Thomas Sutton had been appointed trustee of said Mary C. Lloyd by the Orphans' Court of Indiana county, for the purposes in said will declared, and had not been discharged from said trust.

On August 27, 1889, after argument, the court, WHITE, P. J., filed the following opinion:

The plaintiff brings her action to recover the first payment due on an article of agreement for the sale to the defendant of a house and lot in the borough of Indiana, being No. 6 in the plan of the borough. The facts have been agreed upon as a case stated. The agreement for the sale is dated August 3, 1889, by which the plaintiff sells the lot to the defendant for the sum of $5,000, payable as specified in the article, $1,000 of which was due August 5, 1889. The action was brought to recover this payment.

It is agreed by the case stated that the title comes by devise in the last will and testament of Mrs. C. C. Banks, dated November 30, 1881, and probated November 11, 1884. By the will, this lot is devised to the plaintiff as follows: " I. I do devise unto my granddaughter Mary C. Lloyd, daughter of my deceased daughter Mary P. Lloyd, my in-lot No. 6 on Philadelphia street in the said borough, with the buildings and appurtenances, on which said lot I now reside, to have and to hold to her my said granddaughter, her heirs and assigns forever." Certain bequests to the plaintiff follow this devise, with provision over for such bequests in case of her death. Then, a residuum of the estate is created and disposed of as follows: " VII. As to the rest and residuum of my estate, real and personal or mixed, after satisfaction and discharge of the

foregoing several devises, legacies and bequests and of my just debts and expenses of settlement of my estate." A division of her estate or the residue thereof into three parts immediately follows this provision. To this will there are two codicils.

In no part, however, of the several provisions of this will do we find any interference with or change of the devise to the plaintiff of the lot which is the subject of this action. We are clear the devise to the plaintiff, as quoted above, "to have and to hold to her my said granddaughter, her heirs and assigns forever," vested in her at the death of the testatrix a fee simple estate, and no other part of the will limits or destroys it. All the elements of the grant of a fee simple estate even by deed to the plaintiff, are here found. If the expressions would create such an estate by deed, how much more by will. By a careful reading of the will, we repeat, we can discover no limitation of the fee simple estate originally devised, nor do we find any intention to incumber it with any trust by vesting the legal title primarily in a trustee; but we find the title vested on the death of the testatrix, by virtue of this devise, completely in the plaintiff.

The plaintiff having tendered to the defendant a deed in fulfilment of the written agreement, August 5, 1889, before suit, is entitled to judgment herein for the amount of purchase money due. The only ground of defence and refusal of the deed and the payment of the purchase money, set up by the defendant, being a denial that the will of the testatrix vested a title in fee simple in the plaintiff to the lot in question, we cannot sustain. As we have said, the plaintiff took under the will an estate in fee simple in the lot described in the case stated. We now direct judgment to be entered for the plaintiff for the sum of $1,000, with interest from August 5, 1889, and costs, no attorney fee to be taxed. Before execution shall issue the plaintiff shall file a deed for the premises, according to the agreement, which the defendant shall have the right to lift upon delivering to the plaintiff a mortgage upon the premises for the balance of the purchase money.

Judgment having been entered as ordered, the defendant took this appeal, specifying that the court erred:

1. In holding that the devise to the plaintiff vested in her,

at the death of the testatrix, a fee simple, and that no other part of the will limited it or destroyed it.

2. In not finding that the will created an active trust, in the trustee of the plaintiff, which would prevent the plaintiff from conveying in-lot No. 6, devised to her, before she attained the age of thirty years.

*Mr. S. M. Jack* (with him *Mr. D. B. Taylor*), for the appellant.

Counsel cited: Middleswarth v. Blackmore, 74 Pa. 418; Osborne v. Soley, 81* Pa. 312; Vetter's App., 99 Pa. 52.

*Mr. Thomas Sutton*, for the appellee, was not heard.

PER CURIAM:

All that can be profitably said on the question involved in this contention is contained in the clear and satisfactory opinion of the learned president of the Common Pleas. We therefore affirm the judgment on that opinion.

Judgment affirmed.